Filed 10/16/25  P. v. Toussaint CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>CORUNDOLUS DEONE TOUSSAINT,<br><br>      Defendant and Appellant. | D084912<br><br><br>(Super. Ct. No. SCD299762) |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Mytili G. Bala, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.  INTRODUCTION

Corundolus Deone Toussaint appeals from the judgment on his drug and weapon convictions.  His appointed appellate counsel filed an opening brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Toussaint also filed a supplemental brief on his own behalf.  Our independent

review confirms there are no arguable issues on appeal.  We therefore affirm the judgment.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

As part of a year-long investigation into drug sales in San Diego's East Village, San Diego Police Department (SDPD) Detective Matthew Knutson was conducting undercover surveillance in the 1600 block of K Street at about 10:00 a.m. on February 28, 2024.  Knutson had an unobstructed view of Toussaint from an elevated vantage point about 30 yards away.  Within about a 15-minute period, Knutson saw five separate transactions in which a person approached Toussaint, and Toussaint then removed from his pants pocket a clear plastic bag containing chunks of a white substance, selected a piece, and handed it to the person.  In two of those transactions, Knutson saw the other person hand Toussaint money; Knutson could not see whether money changed hands in the other three transactions.  Each transaction lasted less than a minute.  Based on his training, experience, and knowledge of the area, Knutson believed the white substance was cocaine base.  At Knutson's direction, a uniformed SDPD officer arrested Toussaint.

A search of Toussaint incident to his arrest revealed two plastic baggies in his pocket containing a rock-like powdery substance; $686 in cash in various denominations; two cellphones; and a fixed-blade knife in a sheath concealed in Toussaint's waistband.  The parties stipulated that one baggie contained 5.68 grams of cocaine base and the other baggie contained 0.7 grams of cocaine.  A search of Toussaint's car yielded $39 in cash and a digital pocket scale designed to look like a pack of cigarettes.  Police found no paraphernalia indicating Toussaint possessed the drugs for personal use.

2

At SDPD headquarters, Detective Knutson advised Toussaint of his *Miranda*[1] rights and Toussaint said he understood them. When Knutson asked Toussaint if he was willing to talk, Toussaint responded, "[T]alk [and] I'll talk back." Toussaint admitted the substance in his possession was cocaine and that he had been using it for about 20 years, including earlier that morning. Knutson confronted Toussaint about witnessing him "breaking off pieces of dope" and "handing them out to people." Toussaint denied ever selling drugs and claimed instead that he was "showing love" and "[t]aking care of [his] people." When told that "it's still illegal to provide people with dope even if you're showing . . . your people love," Toussaint responded, "Yeah. But that's not sales." A recording of Toussaint's police interview was played at trial.

Toussaint testified in his own defense. He explained the bundle of cash in his pocket at the time of his arrest was his earnings as a freelance chef at a local casino. He said he was staying in a nearby cash-only hotel because he and his wife were separating. Toussaint denied selling cocaine, claiming instead he had been handing out marijuana joints that morning. He said he earned thousands of dollars from his business producing marijuana edibles. Toussaint claimed the knife in his waistband was for opening boxes at work. The prosecutor impeached Toussaint's credibility with evidence of three prior felony convictions.

### B. Procedural Background

The year-long police investigation culminated in a 308-count indictment naming 51 defendants. Seven of the counts pertained to Toussaint: five counts of selling or furnishing cocaine base (Health & Saf.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

Code, § 11352, subd. (a); counts 283–287);[2] one count of possession of cocaine base for sale (*id.*, § 11351.5; count 288); and one count of carrying a concealed dirk or dagger (Pen. Code, § 21310; count 289).

Toussaint filed two pretrial motions. First, he moved to suppress all evidence and statements obtained from him, arguing that prolonged police surveillance of a public place requires a search warrant. The trial court denied the motion because "the police observed [Toussaint]'s conduct from a public place where [he] had no reasonable expectation of privacy." Second, Toussaint moved to exclude his statement to Detective Knutson on the basis that Toussaint "claim[ed] he was not given his *Miranda* [r]ights and even if they were given, they were not given in a meaningful manner such as to be understood." (Italics added.) The trial court denied this motion, "find[ing] that the *Miranda* rights were properly advised" and that Toussaint "understood them," and "waived them," and "engaged in a consensual conversation."

The jury found Toussaint guilty of one count of selling or furnishing cocaine base (count 283, pertaining to one of the transactions with an exchange of money), possession of cocaine base for sale, and possession of a concealed dirk or dagger. The jury found Toussaint not guilty of the three counts of selling or furnishing cocaine base for which there was no evidence of an exchange of money (counts 285–287). The jury was unable to reach a verdict as to the remaining count of selling or furnishing cocaine base for which there was evidence that money changed hands (count 284), with the jury voting 11 to 1 to convict. On the prosecutor's motion, the court dismissed this count in the interests of justice.

2      During trial, the prosecutor designated counts 283 and 284 as pertaining to the transactions in which Detective Knutson testified he saw money change hands.

4

At the sentencing hearing, the trial court found both that Toussaint was presumptively ineligible for probation and that probation was not appropriate in any event.  The court determined Toussaint was not a candidate for collaborative justice court, diversion, or restorative justice and probation.  Although the court found that Toussaint "has experienced psychological trauma," the court also found that "this trauma was not a contributing factor in the commission of the offense[s]."  Concluding that all of Toussaint's charges stemmed from a "single period of aberrant behavior," the court imposed concurrent sentencing and stayed punishment on the possession-for-sale count.

After finding several aggravating circumstances and no mitigating circumstances, the court found the middle term sentence was appropriate.  Accordingly, the court sentenced Toussaint to local custody for four years on the drug-sales count, a stayed three-year term on the possession-for-sale count, and a concurrent two-year term on the weapon-possession count.  The sentence provided that Toussaint would be released after serving three years in custody, with the final year suspended and served under community supervision.  The court awarded Toussaint 321 days of presentence custody and conduct credits.

The court also imposed the following fines and fees:  a $900 restitution fine (Pen. Code, § 1202.4) and a suspended parole revocation fine (*id.*, § 1202.45) in the same amount; a $120 court operations assessment (*id.*, § 1465.8); a $90 criminal conviction assessment (Gov. Code, § 70373); a drug program fee of $615, including penalty assessments (Health & Saf. Code, § 11372.7); and a $50 lab fee (*id.*, § 11372.5). (5RT 1313; CT 190.)

5

## III. DISCUSSION

Toussaint's appointed appellate counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, which summarized the facts and proceedings of the case, asserted no claims of error, and invited us to conduct an independent review of the record for prejudicial error. Counsel advised Toussaint of his right to file a supplemental brief and he has filed one. (See *People v. Kelly* (2006) 40 Cal.4th 106, 120 (*Kelly*) [if counsel raises no claims of error, defendant has the right to file supplemental contentions].) We have reviewed the entire record as required by *Wende* and *Anders*, and considered the issues identified by Toussaint and his counsel. We find no arguable issue that would result in a reversal or modification of the judgment. Having already provided the "brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed" that is required in an opinion in a *Wende* appeal (*Kelly*, at pp. 123–124), we now proceed to "describe[] the contentions personally raised by the defendant and the reasons those contentions fail" (*id.* at p. 124).

Toussaint first claims "[t]here was no evidentiary hearing." However, Toussaint does not identify any issue on which he claims he was entitled to an evidentiary hearing but denied one. Our independent review of the record reveals none.

Next, Toussaint complains that he "aske[d] the attorney to get pictures of the [scene] so [he] could prove [Detective Knutson] did not see [Toussaint] from where he was." We interpret this as a claim that Toussaint's trial counsel rendered ineffective assistance by conducting an inadequate investigation. The Supreme Court " 'ha[s] repeatedly stressed "that '[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and

6

failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected." [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding.'" (*People v. Barrett* (2025) 17 Cal.5th 897, 969.) On the record here, we cannot say there is no reasonable explanation for counsel's conduct. For example, counsel may have made the tactical decision based on his investigation of the scene that photographs of the scene would undermine, rather than support, the defense case. Toussaint's claim is therefore better raised in a habeas corpus proceeding. (*Ibid*.)

Toussaint also asserts that "[t]here was no investigation in [his] case *at all*." (Italics added.) Toussaint does not identify what investigation should have occurred or what evidence that investigation would have uncovered that would require reversal of the judgment. Based on our review of the record, however, we suspect he is referring to his trial counsel's critique of the police investigation for failing to arrest the drug buyers or to "test the drugs for purity to see if the drugs that the purchaser has has the same purity as the drugs that the seller has." Counsel argued these evidentiary "empty tombstones" undermined the prosecution claim that Toussaint sold cocaine base to anyone. We interpret this as a challenge to the sufficiency of the evidence supporting his convictions. This challenge fails.

Detective Knutson's testimony about his firsthand observations and his expert opinions regarding drug sales is sufficient to support Toussaint's drug-sales conviction. (See *People v. Oyler* (2025) 17 Cal.5th 756, 827–828 [" ' "Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.] Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." ' "].) For example,

7

Knutson testified that the 1600 block of K Street is known for cocaine base sales and that he saw Toussaint engage in several transactions with a substance Knutson suspected, based on his training and experience, to be cocaine base. Knutson's testimony was corroborated by other evidence, including that Toussaint possessed cocaine base and cocaine at the time of his arrest; Toussaint admitted in his police interview that he had been giving drugs to his friends (i.e., "showing love"); and other items in Toussaint's possession at the time of his arrest (i.e., two cellphones, a large quantity of cash in various denominations, a disguised digital scale, and a knife) indicated he was involved in drug sales.

Next, Toussaint complains that "[t]he only option [he] was offered was jail." Toussaint was charged with, among other things, five counts of violating Health and Safety Code section 11352, subdivision (a), which subjected him to a sentencing triad of three, four, or five years. Toussaint cites no authority, and we are aware of none, that required the prosecutor to offer a plea deal that included no time in custody. (See *People v. Trejo* (2011) 199 Cal.App.4th 646, 655 ["the prosecutor [i]s not obligated to make an offer; there is no constitutional right to a plea bargain"].)

Toussaint also asserts he "was told a motion for retrial was going to be made and [his] attorney was fired by the judge." Toussaint does not identify any basis on which he was entitled to a new trial and our independent review of the record has revealed none.

Toussaint raises several points regarding his past and present criminal charges. For example, he asserts, "I never was charged with selling drugs." But the record contradicts this claim as to both past and present charges — Toussaint admitted at trial that he was convicted in 2010 of violating Health and Safety Code section 11352, subdivision (a) (selling or furnishing a

controlled substance), and he was charged with and convicted of that same offense in this case. Toussaint also argues, "The D.A. said my last possession was for sales and it was a simple [possession]." The record, however, shows that the prosecutor impeached Toussaint's credibility at trial with evidence that Toussaint was convicted in 2012 of violating Health and Safety Code section 11351.5 (possession for sale of cocaine base). Finally, regarding the current charges, Toussaint complains, "They picked a count for the jury to convict on sales." This appears to refer to the prosecution's designation of two counts as relating to the transactions for which Detective Knutson testified he saw money change hands. We see no arguable basis for reversal on this issue.

Toussaint also raises two general arguments about the nature of the proceedings against him. First, he asserts "[t]his case should have never made it to trial and everybody messed up." Second, Toussaint states, "I'm not an attorney but I know I have rights[.] If I can see the transcripts I could show the truth and I know with trained experience more will show . . . ." Toussaint has now had the opportunity to review the full appellate record and has had the benefit of experienced appellate counsel. Neither Toussaint's appellate counsel, nor this court on its independent review of the entire appellate record, has identified any arguable claims of error.

Finally, Toussaint pleads, "I need a habeas corpus." Toussaint is free to raise appropriate claims using a petition for habeas corpus.

In sum, our independent review of the appellate record and our consideration of the issues identified by Toussaint and his appellate counsel reveal no arguable issue that would result in a reversal or modification of the judgment.

9

## IV.  DISPOSITION

The judgment is affirmed.

_____
RUBIN, J.

WE CONCUR:

_____
O'ROURKE, Acting P. J.

_____
IRION, J.